107 F.3d 922
 323 U.S.App.D.C. 289
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Takey CRIST, et al., Appellants
v.
REPUBLIC OF TURKEY and the Army of the Republic of Turkey, Appellees
 No. 95-7149.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 13, 1997.
 
 Before: WALD, GINSBURG and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, the briefs filed by the parties, and oral argument held on November 18, 1996. This Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the Court that the order of the District Court is vacated and the case is remanded to the District Court.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 41(a).
 
 MEMORANDUM
 
 4
 Appellants Takey Crist, Eugene Rossides and Daniel Rossides ("appellants") are U.S. citizens of Greek descent who hold title to real property on the island of Cyprus. The properties owned by appellants are located in the northern part of the island and, according to appellants, are currently occupied or otherwise controlled by the Turkish army. Appellants sued the Turkish army and the Republic of Turkey (collectively "Turkey") in the District Court for the District of Columbia, alleging that Turkey had wrongfully taken their property without compensation and seeking damages totaling $7 1/2 million. The district court granted Turkey's motion to dismiss the suit with prejudice on the grounds that appellants' claims were barred by the statute of limitations, and appellants here appeal from the district court's order. We do not reach the question of whether appellants' claims are barred by the statute of limitations because we hold that this court's recent decision in Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148 (D.C.Cir.1994), cert. denied, 115 S.Ct. 1101 (1995), precludes us from exercising jurisdiction over appellants' claims, as currently alleged. We therefore remand to the district court to determine whether appellants should be allowed to amend their complaint to allege a different ground for jurisdiction and, if so, whether jurisdiction over appellants' claims exists under the Foreign Sovereign Immunities Act ("FSIA").
 
 
 5
 The FSIA constitutes the sole basis on which a federal court can exercise jurisdiction over a foreign state. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434-39 (1989). The FSIA provides that, "[s]ubject to existing international agreements to which the United States [was] a party at the time of enactment of this Act," foreign states are immune from the jurisdiction of courts in the United States unless one of the specified statutory exceptions to immunity applies. 28 U.S.C. §§ 1330(a), 1604 (1994); Transamerican S.S. Corp. v. Somali Democratic Republic, 767 F.2d 998, 1001 (D.C.Cir.1985). Appellants assert that the district court had jurisdiction over their claims that Turkey has wrongfully taken their properties without compensation based on the FSIA's expropriation exception, which states:
 
 
 6
 (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
 
 
 7
 (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.
 
 
 8
 20 U.S.C. § 1605(a)(3). According to appellants, the expropriation exception applies here because Turkey took their properties in violation of international law and these properties are currently under the control of and operated by the Turkish Army, which appellants maintain is an agency or instrumentality of Turkey.
 
 
 9
 Appellants filed their complaint on December 20, 1993. In July of 1994, this court held in Transaero that armed forces are to be considered an intrinsic part of a foreign state and not merely an agency or instrumentality of a state. 30 F.3d at 153 (D.C.Cir.1994). The specific question at issue in Transaero was whether the armed services are an agency or instrumentality for service of process purposes under section 1608 of the FSIA. But the language of the Transaero opinion, wherein we stated that "[w]e hold that armed forces are as a rule so closely bound up with the structure of the state that they must in all cases be considered as the 'foreign state' itself," does not support limiting the opinion to the service of process context. Id. More significantly, in reaching its decision that the armed forces should be considered an integral part of the state, and not an agency or instrumentality of the state, the Transaero court interpreted FSIA's general definition of "agency or instrumentality," and this same definition applies to FSIA's expropriation exception. See 28 U.S.C. § 1603; Transaero, 30 F.3d at 151. Nor is there any apparent reason why we should read "agency or instrumentality" differently when we are interpreting the FSIA's service of process provisions than when we are interpreting its sovereign immunity exception provisions. Again, the definitional provision of the FSIA, section 1603, applies to both section 1608, which sets out the requirements for proper service of process, and section 1605, which lists the sovereign immunity exceptions, and at no point does section 1603 differentiate between the meaning of "agency or instrumentality" in the two sections. Notably, section 1603 does provide a different definition of "foreign state" for use in section 1608 as opposed to the rest of the FSIA, and that section 1603 does not similarly establish different definitions of "agency or instrumentality" is even more compelling evidence that "agency or instrumentality" should be read the same in sections 1608 and 1605. Sections 1608 and 1605 are further linked by the fact that under the FSIA both must be satisfied in order for a federal court to have personal jurisdiction over a defendant state. See 28 U.S.C. § 1330(b); Transaero, 30 F.3d at 151; Texas Trading Milling Corp. v. Federal Republic of Nigeria, 647 F.2d 300, 308 (2d Cir.1981).
 
 
 10
 It is clear from the text of the expropriation exception that if the Turkish army is viewed as part of the Turkish state, as Transaero requires, appellants have failed to allege sufficient facts to provide a basis for subject matter jurisdiction under the FSIA. Although the term "foreign state" in the context of FSIA's sovereign immunity exceptions encompasses an agency or instrumentality of a state, the converse is not true; that is, the term "agency or instrumentality" does not include the foreign state itself. See 28 U.S.C. § 1603. Therefore, under the expropriation exception, there is no jurisdiction over claims relating to property owned or operated by a foreign state, as opposed to an agency or instrumentality of that state, unless the property--or other property exchanged for it--is present in the United States in connection with a commercial activity carried on in the United States by the foreign state. See 28 U.S.C. § 1605(a)(3). Obviously, the properties at issue in this case, parcels of real estate located on Cyprus, are not present in the United States, and in their complaint appellants did not allege that Turkey has exchanged these properties for other property that is present in the United States in connection with a commercial activity that Turkey is pursuing in the United States.
 
 
 11
 Transaero thus precludes us from exercising jurisdiction over appellants' claims on the grounds alleged in their complaint. But it is possible that appellants may be able to allege another basis for jurisdiction under the FSIA, and we believe it more appropriate for the district court to determine in the first instance if appellants should be allowed to amend their complaint, even at this late date, given that the district court never addressed whether jurisdiction over appellants' claims existed under the FSIA and that Transaero was issued after appellants filed their complaint. Therefore, rather than affirming the district court's dismissal of appellants' complaint on the alternate ground of lack of subject matter jurisdiction, we remand to the district court for that court to determine whether appellants should be allowed to amend their complaint (if they seek to do so), and if so, whether jurisdiction exists over appellants' claims as amended. Since we conclude that there is no basis for us to exercise jurisdiction over the merits of this dispute at this point, we do not address the district court's ruling that appellants' claims are barred by the statute of limitations. Instead, we reverse this ruling and if on remand the district court determines that jurisdiction exists, then the court should also make the findings of fact necessary to establish whether the statute of limitations bars appellants' claims.
 
 
 12
 So ordered.